IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD J. NICHOLAS,** | : | |
| | : | |
| **Plaintiff,** | : | CIVIL NO. 4:CV-06-1852 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **MICHELLE ZIMMERMAN,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

# O R D E R

Plaintiff, Edward J. Nicholas, an inmate at the State Correctional Institution in Albion, Pennsylvania, commenced this action by filing a *pro se* Civil Rights Complaint under the provisions of 42 U.S.C. § 1983. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. The Complaint challenged purported improprieties in Plaintiff's criminal proceedings in the Dauphin County, Pennsylvania, Court of Common Pleas, criminal docket # 3685 of 1997 ("3685 cd 97"). By Memorandum and Order dated October 5, 2006 (Doc. 10), the Complaint was dismissed under the three strikes provisions of 28 U.S.C. § 1915(g). Presently before the Court is Plaintiff's Motion for Reconsideration (Doc. 17) of that Order. For the reasons that follow, Plaintiff's motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment. *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002). It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances such as where

the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Plaintiff asks the Court to amplify its Order dismissing the complaint, to include statement of legal matters unrelated to 28 U.S.C. § 1915(g). However, the motion fails to set forth errors of law or fact, or any other factors to support reconsideration by the Court. Accordingly, Petitioner's motion for reconsideration will be denied.

**AND NOW, THIS 17th DAY OF NOVEMBER, 2006, IT IS HEREBY ORDERED THAT** Plaintiff's Motion For Reconsideration (Doc. 16) is **DENIED**.

                                                /s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge